ALEX J. HAMRAH Co., INC., Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 715. Argued May 19, 1930.—Decided June 5, 1931.

*E. Báez García* for petitioner.  *José Sabater* for plaintiff in the main action.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is a case where the petitioner relied on our decision in *J. Ochoa & Brother* v. *González-Clemente,* 29 P.R.R. 948, to maintain both that a fire insurance agent, to recover premiums, could not bring an action in his own name and that the court had no power to permit an amendment wherein the plaintiff agent alleged that he had paid to the insurance company the premiums owing by the defendant.

The amended complaint set up among other things that the defendant had ordered certain policies of the plaintiff which were delivered as ordered; that the policies were subsequently cancelled, leaving a balance owing by the defendant of $251.84; that the plaintiff paid the principal sum to the insurance company and became subrogated to the amount due and owing.

The defendant resisted the amendment and among other defenses relied on the inability of an agent to bring an action in his own name.

The court held that the plaintiff under section 1126 of the Civil Code became subrogated to the rights of the company.

The evidence is not before us and it may be conclusively presumed that the agent paid the premiums to the company.

Section 1126, *supra,* provides:

"Any person, whether he has an interest or not in the fulfillment of the obligation, and whether the debtor knows and approves it or is not aware thereof, can make the payment.

"The person paying for the account of another may recover from the debtor what he may. have paid, unless he has done it against his express will.

"In such case he can only recover from the debtor in so far as the payment has been useful to him."

Of course, there is no evidence that defendant offered any objection to the payment made to the company by the agent. Hence, section 1126 is distinctly applicable. Manresa, Vol. 8, page 261, supports the conclusion of the court. *Peñagaricano* v. *Llenza et al.*, decided May 18, 1931 (*ante*, p. 207), presents even a stronger aspect of voluntary payment.

The case of *Ochoa* v. *González-Clemente, supra,* may readily be distinguished. There the agent attempted to sue in his own name without having taken any steps to make the claim his own by subrogation or otherwise. Here the agent acquired title to the cause of action.

We have some idea that when, an insured orders policies of an insurance agent and the latter himself extends a credit to the insured a cause of action would also arise, but it is unnecessary to decide such a question under the present writ.

The introduction of the amendment did not change the cause of action, but only cured a defect in the averments of the original. complaint.

The writ should be annulled.